Peter Johnson (State Bar No. 252542)
Peter Johnson Law, P.C.
407 N. Pacific Coast Hwy, 651
Redondo Beach, California 90277
Telephone: (310) 295-1785
Facsimile: (213) 319-2907
Email: peter@peterjohnsonlaw.com

Attorney for Defendant
FRANCISCO SORIA

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ) <br> FRANCISCO SORIA ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> ) | Case No. 2:22-CR-00335-MWF-01 <br><br> **DEFENDANT FRANCISCO SORIA'S SENTENCING MEMORANDUM** <br><br> **Hearing Date:** June 3, 2024 <br> **Time:** 2:00 p.m. <br> **Location:** Courtroom 5A <br> The Honorable Michael W. Fitzgerald |

Defendant Francisco Soria ("Mr. Soria"), by and through counsel of record, Peter Johnson, respectfully submits the following sentencing memorandum to recommend a custodial sentence of 180 months, the statutory mandatory minimum.

DATED: May 21, 2024            Respectfully submitted,

                               By: _____/s/_____
                               Peter Johnson
                               Attorney for Defendant
                               Francisco Soria

# Table of Contents

I. INTRODUCTION ..................................................................................1

II. BACKGROUND ...................................................................................1

III. U.S. PROBATION AND GOVERNMENT RECOMMENDATIONS. ...2

   A. Summary of U.S. Probation's guideline calculation and recommendation. ..............................................................................2

   B. Summary of the Government's guideline calculation and recommendation. ..............................................................................3

   C. Objections to the PSR and proposed guideline calculation. ...................6

IV. THE FACTORS UNDER 18 U.S.C. § 3553(a) SUPPORT A CUSTODIAL SENTENCE OF NO MORE THAN 180 MONTHS. ........................................7

   A. The nature and circumstances of the offense support a sentence of no more than 180 months. ......................................................................7

   B. Mr. Soria's personal history and characteristics support a sentence of no more than 180 months. ................................................................ 8

   C. A sentence of no more than 180 months would reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and address the need for a sentence imposed to protect the public from further crimes. ....... 10

V. ADDITIONAL SENTENCING RECOMMENDATIONS. ......................11

   A. Mr. Soria requests a recommendation that he be housed as close as possible to Los Angeles, so that he can maintain visits with his parents, siblings, and children. ......................................................................11

   B. Mr. Soria requests a recommendation for the B.O.P.'s Residential Drug Abuse Program ("R.D.A.P."). ......................................................... 12

VI. CONCLUSION.................................................................................. 12

# SENTENCING MEMORANDUM

## I. INTRODUCTION

Mr. Soria, a 30-year-old father of three young children, is faced with a difficult and imposing term of incarceration. As a young boy he faced overwhelming obstacles and challenges, beginning with his upbringing in violent and poverty-stricken neighborhoods and his struggle with a learning disability that went largely unaddressed. These hardships were compounded by his exposure to drug use at a young age, which unfortunately led to his initial entanglement with the criminal justice system. Despite these adversities, Mr. Soria has never joined a gang and recently has shown a genuine desire to turn his life around and break free from the cycles of his past.

On June 3, 2024, he will appear for sentencing. At that time, undersigned counsel will request a sentence of no more than 180 months in prison, the mandatory minimum sentence. Such a sentence is more than necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment, while also considering Mr. Soria's potential for rehabilitation and the well-being of his family.

## II. BACKGROUND

On March 11, 2024, the Court accepted Mr. Soria's guilty plea to Counts 1, 7, and 9 of the Indictment, based upon a plea agreement. (Docs. #131, 129.) As the Court knows, prior to pleading guilty, on February 5, 2024, Mr. Soria filed a motion to suppress evidence and a motion to dismiss Count 9. (Docs. #112, 113.) On March 4, 2024, the Court denied Mr. Soria's motion to dismiss. (Doc. #115.) Likewise, after

considering written and oral arguments, on March 7, 2024, the Court denied Mr. Soria's motion to suppress. (Doc. #128.)[1] On April 30, 2024, U.S. Probation filed its recommendation letter and presentence investigation report ("PSR"). (Docs. #142, 143.) On May 20, 2024, the government filed its sentencing position paper. (Doc. #151.)

### III. U.S. PROBATION AND GOVERNMENT RECOMMENDATIONS.

Below, Mr. Soria provides a summary of U.S. Probations' sentencing guideline calculations (part A), a summary of the government's guideline calculation and recommendation (part B), and Mr. Soria's objections and corrections to the PSR (part C).

**A. Summary of U.S. Probation's guideline calculation and recommendation.**

In its PSR, U.S. Probation recommended the following guideline calculation:

| | | |
|---|---|---|
| Base Offense Level: | 32 | USSG §§2D1.1(a)(5), (c)(4) |
| Acceptance of Responsibility: | -3 | USSG §§3E1.1(a), (b) |
| Total Offense Level: | 29 | |
| Criminal History Category: | IV | |
| Applicable Guideline Range: | 121 to 151 months [plus 60 months mandatory consecutive] | |

---

[1] As described in the plea agreement, Mr. Soria reserves the right to seek appellate review of this Court's determinations of Mr. Soria's motions to suppress and dismiss. Should Mr. Soria prevail on appeal, he may withdraw his guilty plea (Doc. # 129 at ¶3.)

2

In its recommendation letter, U.S. Probation recommended the following sentence based on Mr. Soria's guilty plea to Counts 1, 7, and 9 of the Indictment:

- 181 months of incarceration;[2]
- 5 years of supervised release;
- $300 special assessment; and
- fine waived pursuant to U.S.S.G. § 5E1.2(a)

(Doc. #142, at 1-2.)

### B. Summary of the Government's guideline calculation and recommendation.

The government disagrees with U.S. Probation's recommendation of 181 months and requests a sentence of 195 months. (Doc. #151, at 2). It bases this recommended sentence on its refusal to move for a one-level reduction pursuant to U.S.S.G. § 3E1.1(b) and its view that the offense level should be 30, not 29. *Id.* To respond, the court needs context.

Mr. Soria is already being punished by the government for asserting his constitutional rights. Prior to Mr. Soria filing motions to assert his constitutional rights under the Second and Fourth Amendments, the government offered Mr. Soria a plea agreement that did not include the 5-year mandatory minimum charge in Count 9 of the Indictment. However, after litigating the motions, the government insisted on including Count 9 in the new plea agreement, which elevated the mandatory minimum sentence from 10 years to 15 years. Thu, even without the motion pursuant to

---

[2] 121 months on Counts 1 and 9 to be served concurrently, and 60 months on Count 7 to be served consecutively, totaling to 181 months of incarceration.

3

U.S.S.G. § 3E1.1(b), the government is punishing Mr. Soria for filing good faith motion to assert and protect his fundamental rights under the United States Constitution.

Further, the two motions were not frivolous. Mr. Soria filed the first motion arguing the unconstitutionality of 18 U.S.C. § 922(g). On March 4, 2024, the Court denied that motion. (Doc. #115.) However, on May 9, 2024, in a separate case raising the same legal issue, the Ninth Circuit held 18 U.S. C. § 922(g) unconstitutional as applied in that case because it violated the defendant's Second Amendment's right to bear arms. *United States v. Duarte* (No. 22-50048, 9th Cir. published May 9, 2024, opinion by Carlos Bea, Circuit Judge.) As that Court explained, the government must prove that founding-era felonies are "distinctly similar" to the defendant's underlying felonies and would have been punishable during the Founding era "either with execution, with life in prison, or permanent forfeiture of the offender's estate." *Id.* at 61. Because Mr. Soria raised the same legal issue, it is likely that he will prevail on appeal on that issue and the case will be remanded.[3]

Second, Mr. Soria filed a motion to suppress evidence asserting his Fourth Amendment right to be free from unreasonable search and seizure. (Doc. #112.) That issue was hotly contested and raised substantial legal issues concerning whether officers violated Mr. Soria's constitutional rights. (*See* Doc. #112, 117, 119, 125 and 128). The suppression of evidence based on a constitutional violation is an important

---

[3] *See* footnote 1.

4

protection for criminal defendants and society in general. Here, if the Court recalls, it was only through the filing of that motion that the government produced three body camera videos that should have been produced years earlier in the initial round of discovery.[4] Therefore this motion had not only the benefit of asserting a protected constitutional right, but also compelled the government and the police department to produce evidence that the defendant had a right to see years earlier and perhaps could have led to an earlier disposition in the case. On March 7, 2024, the Court denied that motion and on March 9, 2024, Mr. Soria entered a conditional plea agreement.[5]

Based on the above, the government act of imposing punishment for asserting fundamental constitutional rights and failure to move for a one-level reduction pursuant to U.S.S.G. § 3E1.1(b) is not rationally related to any legitimate government objective. In neither motion did Mr. Soria claim innocence but instead raised constitutional issues. Moreover, an Assistant United States Attorney's preparation for a suppression hearing, such as interviewing witnesses, gathering and preparing exhibits, and re-examining its case to search for discovery that it may have

---

[4] As described in Mr. Soria's Motion to Suppress (Doc. #112), at the time of its filing, the government had not disclosed any video of the search (Doc. #112, at 17.) Moreover, based on email correspondence with the government, undersigned counsel was advised that there were **no videos** and no map or diagrams associated with the search (Doc. #112-1, Exhibit D, Declaration of Peter Johnson, ¶5.) However, only **after** the filing of that motion did the government eventually disclose body-camera footage of the search, which was incorporated into Mr. Soria's Reply in support of his Motion to Suppress (Doc. #119, at 3, *see also* Doc. #119, Exhibit R, Declaration of Peter Johnson, ¶2.)

[5] *See* footnote 1.

5

inadvertently failed to produce, often involves some of the same groundwork needed for trial, especially as here, in a single defendant trial. This act of punishing defendants, particularly indigent defendants, for asserting their right could have a chilling and damaging effect on future cases, if defendants must now weigh whether or not they should file legitimate pretrial motions and face the risk that the government may force an additional half-decade as a part of their plea and then refuse to move for the third level reduction pursuant to U.S.S.G. § 3E1.1(b)

The one-level increase is significant. In 2021, the Supreme Court was asked to address the issue a similar issue. *See Longoria v. United States,* 141 S. Ct. 978 (2021) (denying petition for a writ of certiorari). While the Supreme Court did not accept the issue for certiorari review, Justice Sotomayor issued a statement, joined by Justice Gorsuch, urging the U.S. Sentencing Commission to "address this issue in the first instance" noting that "[t]he effect of a one-level reduction can be substantial." *Longoria*, 141 S. Ct. at 979. Here, the additional one-level adds over one year to the mandatory minimum and advisory guideline sentence and, as explained more fully below, results in a sentence that is more than necessary to meet the goals of sentencing.

**C. Objections to the PSR and proposed guideline calculation.**

1. Objections

Mr. Soria herein notes his objection to ¶4 of the PSR, and any additional reference to Count 9 of the Indictment, which charges Mr. Soria as being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). As noted above, the Ninth

6

Circuit recently held in *United States v. Duarte* (No. 22-50048, 9th Cir. published May 9, 2024) that 18 U.S.C. § 922(g) is unconstitutionally as applied in that case. Therefore, Mr. Soria continues to preserve his objection to his conviction under 18 U.S.C. § 922(g).

### 2. Guideline Calculation

Pursuant to the plea agreement, Mr. Soria has no other objections to the statement of facts regarding the offense or guideline calculation. Mr. Soria also concurs with the decision by U.S. Probation to not apply the 2-level enhancement for possession of a dangerous weapon. (PSR at ¶46.)

### IV. THE FACTORS UNDER 18 U.S.C. § 3553(a) SUPPORT A CUSTODIAL SENTENCE OF NO MORE THAN 180 MONTHS.

**A. The nature and circumstances of the offense support a sentence of no more than 180 months.**

Pursuant to the plea agreement, between February 2020 and July 2020, Mr. Soria and co-defendants named in the Indictment conspired to distribute and possess with intent to distribute controlled substances, in violation of 24 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii), as described in Count 1. (PSR at ¶2.) Further, on May 8, 2020, Mr. Soria was in possession of a firearm in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(A)(i), as described in Count 7, and was a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(A)(2), as described in Count 9. (PSR at ¶¶3-4.) Because of the 10-year

7

and 5-year mandatory minimums applied to these Counts, Mr. Soria's lowest eligible sentence is 15 years, or 180 months of incarceration.

**B. Mr. Soria's personal history and characteristics support a sentence of no more than 180 months.**

Mr. Soria, at 30-years-old, has seen a challenging life fraught with substance abuse, poor decision-making, as well as consequences of a learning disability that have rippled throughout his life. (PSR at ¶101.) Mr. Soria, the middle child of three, was raised in a low-income family by his parents. (PSR at ¶82.) His parents moved from Tijuana, Mexico to the United States when they were only 15 or 17 years old. Mr. Soria's mom was unemployed when he was growing up but sold items like baskets at the local swap meet. (PSR at ¶ 82.) His father was a mechanic and worked from wherever they were living. They lived in various housing projects between Compton and Watts during his childhood. (PSR at ¶ 87.)

Mr. Soria has a good relationship with his family, speaking with his father weekly, and his mother and sister daily since his arrest. (PSR ¶¶ 80-81.) Mr. Soria's mother, Gloria, writes that her son is a "a person of good feelings, hardworking, and respectful of [his] family" *See* Exhibit B-1 and B-2 – Character Letter by Gloria Ramos Castro.[6] Mr. Soria's sister, Tania, notes that her brother is a "compassionate, affectionate, thoughtful, and very supportive person. Even though his look can be

---

[6] Exhibit B-1 is Ms. Gloria Ramos Castro's original letter written in Spanish. Exhibit B-2 is a Google translation of the letter.

8

deceiving[, h]e is a good person deep down with good feelings and intentions." *See* Exhibit C – Character Letter by Tania Soria.

Additionally, Mr. Soria has three young children, aged 12, 4, and 3. Mr. Soria's mother explains that his "only concern is getting enough money so that his children don't lack for anything . . . he tries to transmit to them what we in the family teach him, something that I do feel proud of." *See* Exhibit B-2. Likewise, Mr. Soria's sister adds that Mr. Soria has "always been a very responsible father to his children. He would spoil them and love them unconditionally. And always try to give them a better life." *See* Exhibit C.

Mr. Soria acknowledges that he has had frequent contacts with law enforcement from a young age. (PSR at ¶¶63-68.) However, in mitigation, the poor decision-making is, at least in part, a consequence of Mr. Soria's early exposure to marijuana and methamphetamine. (PSR at ¶¶ 95-98.)  In further mitigation, despite his drug abuse and criminal history at a young age, Mr. Soria never joined a gang.

Indeed, a separate yet equally relevant piece of Mr. Soria's poor decision-making is his early struggles with a learning disability. *See* Exhibit C. Though he was not formally diagnosed or placed in special education courses for his learning disability, Mr. Soria faced many challenges in school. (PSR at ¶101.) He has difficulty staying on task, especially when in school. *Id.*  Mr. Soria reached the 10th grade before dropping out, and while he has taken some courses since that time, Mr. Soria does not have a G.E.D. (PSR at ¶99-100.) Mr. Soria also went to the hospital in 2021 because he was hearing voices. (PSR at ¶ 93.)  Mr. Soria's sister explains that Mr. Soria,

9

"struggled academically. He had a learning disability. He struggle[d] with reading and writing. It was hard for him to focus in class." *See* Exhibit C.

In sum, Mr. Soria's personal history supports a sentence of no more than the mandatory minimum sentence of 180 months. There is little doubt that had Mr. Soria received proper treatment for his learning disability, he could have avoided exposure to the troubling path of drugs and crime that he found himself on. Upon his release, Mr. Soria is eager to reshape his life to better himself, his family, and his children. An entrepreneur at heart, Mr. Soria looks forward to following in his mother footsteps and work at a swap meet, and eventually own his own business. (PSR ¶89.)

**C. A sentence of no more than 180 months would reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and address the need for a sentence imposed to protect the public from further crimes.**

Mr. Soria has remained in continuous custody since his arrest in the summer of 2022. A 15-year sentence is an incredibly severe punishment that more than captures the magnitude to which Mr. Soria has pleaded guilty to. As explained above, Mr. Soria has a close, loving family that he has regular communication with. Given the certainty of a lengthy period of incarceration, Mr. Soria will miss years of family gatherings, festivities, and other important memories. Specifically with his three-year-old son Xaiver, Mr. Soria will be absent from the many milestones that all parents of young children relish. Of course, these factors are beyond the Court's control. Yet, these foundational events that Mr. Soria will be prevented from attending underscore the seriousness and severity of Mr. Soria's sentence. In addition, a 3-year term of

supervised release will afford Mr. Soria the opportunity to transition back into society with the prospect that he will be able to maintain his sobriety.

Imposing no more than the mandatory minimum applicable here likewise promotes respect for the law, provides just punishment, and reflects the seriousness of the pleaded counts. Mr. Soria recognizes that U.S. Probation's recommendation is but one month above Mr. Soria's requested sentence. Additionally, Mr. Soria understands that the Court's sentencing discretion is ultimately limited because of the mandatory minimums applicable here. Nonetheless, when considering this sentence in its totality, every single day counts for Mr. Soria. The prospect of being released one month sooner, while it may appear minuscule on paper, matters to Mr. Soria, his family, and his children.

## V. ADDITIONAL SENTENCING RECOMMENDATIONS.

**A. Mr. Soria requests a recommendation that he be housed as close as possible to Los Angeles, so that he can maintain visits with his parents, siblings, and children.**

Mr. Soria recognizes that the Bureau of Prisons ("B.O.P.") will ultimately decide where he will be housed to serve his sentence. Nonetheless, Mr. Soria respectfully requests that the Court recommends that he be housed as close as possible to Los Angeles, so that he can maintain a relationship with his parents, siblings and children.

//
//
//

11

### B. Mr. Soria requests a recommendation for the B.O.P.'s Residential Drug Abuse Program ("R.D.A.P.").

Beginning at a young age, Mr. Soria began to experiment and abuse drugs. At age 13, Mr. Soria first tried marijuana and other inhalants. (PSR at ¶95.) At age 16, he first tried alcohol. (PSR at ¶96.) Additionally, Mr. Soria first tried methamphetamine at age 18, which he abused daily until his arrest and is his drug of choice. (PSR at ¶97.) Exposure to and abuse of these drugs, at such a young age, have undoubtedly impacted Mr. Soria's development and growth. Considering this, Mr. Soria is now interested in receiving substance abuse treatment so that he can resolve his addiction and better his life upon his release. (PSR at ¶98.) He believes that he can stay sober with the help of treatment and by staying away from negative influences. Therefore, Mr. Soria requests the Court recommend that he be enrolled in R.D.A.P. U.S. Probation concurs that Mr. Soria is a suitable candidate for R.D.A.P. (Doc. #142, at 2.)

## VI. CONCLUSION

Considering the above, Mr. Soria respectfully requests that the Court sentence him to the statutory mandatory minimum of 180 months, followed by a three-year term of supervised release.

DATED: May 21, 2024            Respectfully submitted,

By: _____/s/_____
Peter Johnson
Attorney for Defendant
Francisco Soria

12